Juan KELA, Jr., Appellant,

v.

The STATE of Texas, Appellee.

No. 04–89–00160–CR.

Court of Appeals of Texas, San Antonio.

Feb. 28, 1990.

Discretionary Review Refused June 13, 1990.

George Scharmen, San Antonio, for appellant.

Fred G. Rodriguez, Anne Kelley, Mike Gebhart, Edward Shaughnessy, III, Criminal Dist. Attys., San Antonio, for appellee.

Before REEVES, CHAPA and BIERY, JJ.

## OPINION

REEVES, Justice.

Appellant was indicted for the offenses of Aggravated Robbery and Sexual Assault which were joined in a single indictment. Trial was to the court, and appellant was found guilty on both counts. The court assessed punishment at twenty years confinement for Sexual Assault and at forty-five years confinement for Aggravated Assault.

Appellant raises two points of error: (1) the record fails to make known whether appellant waived his right to trial by jury, and (2) there was a misjoinder of two non-property offenses in the same indictment.

## THE JURY WAIVER

The transcript was amended after appellant filed his brief. The supplemental transcript provides a written waiver of jury signed by appellant. This point of error is overruled.

## MISJOINDER IN THE SAME INDICTMENT

Tex.Crim.Proc.Code Ann section 21.24(a) provides:

Two or more offenses may be joined in a single indictment, information, or complaint, with each offense stated in a separate count, if the offenses arise out of the same criminal episode, as defined in Chapter 3 of the Penal Code.

The incident giving rise to the indictment was alleged to have occurred October 25, 1987. The two occurrences leading to appellant's convictions for sexual assault and aggravated robbery took place within minutes of each other, and were pursuant to the same criminal transaction.

Texas Penal Code Ann. section 3.01 was amended effective September 1, 1987 and the definition of "criminal episode" was broadened; it now provides:

In this chapter, "criminal episode" means the commission of two or more offenses, regardless of whether the harm is directed toward or inflicted upon more than one person or item of property, under the following circumstances:

(1) the offenses are committed pursuant to the same transaction or pursuant to two or more transactions that are connected or constitute a common scheme or plan; or

(2) the offenses are the repeated commission of the same or similar offenses.

We hold that Section 3.01 of the Texas Penal Code no longer requires that the offenses committed be "offenses against property." The offenses of sexual assault and aggravated robbery occurred in the same "criminal episode." [1]

The joinder of both offenses arising out of the same "criminal episode" in the same indictment was not error. Appellant's second point of error is overruled.

Accordingly, the judgment of the trial court is affirmed.

---

1. Prior to the 1987 amendment, TEX.PENAL CODE ANN. § 3.01 defined "criminal episode" as: "In this chapter, criminal episode means a repeated commission of any one offense defined in Title 7 of this code (Offenses Against Property)."